IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY LONNIE WHITE, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1684 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent.* | § | |

**ORDER OF DISMISSAL**

Petitioner Anthony Lonnie White, an inmate currently in pretrial custody at the Galveston County Jail, files this *pro se* habeas petition seeking his immediate release from confinement. After reviewing the pleadings and the applicable law, the Court DISMISSES this case for the reasons that follow.

*Background*

According to his pleadings, petitioner is currently in custody awaiting trial in the 405th District Court of Galveston County, Texas, on felony charges of burglary of a habitation. He complains that he has been in jail for almost 250 days without going to trial. Petitioner is reportedly represented by court-appointed counsel, and complains that his counsel and the state court do not believe that he is innocent. He seeks his immediate release from jail based on the alleged denial of various constitutional rights and because he is innocent of the pending charges.

*Analysis*

Petitioner challenges his current pretrial state custody for violation of his rights to a speedy trial, to confront witnesses, to present a defense, and for the trial court's "unfairness" in denying his *pro se* pretrial motions. He also states, without factual explanation, that he is "not getting equality under the law because of my creed and national origin," and that his "Bill of Rights" are being "violated pretty much in every way." He further claims that he is innocent of the pending criminal charges and should be set free.

Petitioner admits that he has not exhausted these complaints through the state courts. In explaining why he has not sought state court relief, petitioner asserts that, "I did not present this to any other court because I felt like [no]body cares about what I have to say because they wanted me to sign[.]"[1] He further admits that he presented his complaints to this Court in an earlier habeas petition, which the Court dismissed on March 20, 2009, for failure to exhaust or to state a claim. *See White v. Galveston County*, C.A. No. G-09-0014 (S.D. Tex. 2009). The Court has reviewed the dismissal order in that case, and finds that it correctly addresses petitioner's claims and is dispositive of the instant claims. Accordingly, the Court adopts the analysis and reasoning set forth in the Court's order of dismissal in C.A. No. G-09-0014, and DISMISSES the instant lawsuit for failure to exhaust state court remedies and for failure to state a claim upon which relief can be granted.

---

[1] Petitioner alleges that the State and his trial counsel offered him a plea bargain agreement if he pleads guilty and "signs."

To the extent petitioner requests this Court to transfer his case to another county or court, the request is denied. This Court has no authority to transfer pending state criminal proceedings.

*Conclusion*

This petition is DISMISSED for petitioner's failure to exhaust available state court remedies. In the alternative, the petition is DISMISSED for failure to state a claim upon which relief can be granted. To the extent that one is required, a certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on June 10, 2009.

_____
Gray H. Miller
United States District Judge